# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:03CV66
### (1:00CR9-11)

| | | |
|---|---|---|
| **GREGORY LEE RUTHERFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from Judgment and a motion under Rule 15(c) for relation back to the original § 2255 based on new evidence. The Petitioner has also filed a motion for an appeal bond, which is denied as being without merit.

## I. PROCEDURAL HISTORY

In July 2000, the Petitioner, representing himself with stand-by counsel, was convicted after jury trial of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Petitioner was sentenced to 240 months imprisonment on January 26,
2001. His conviction and sentence were affirmed by the Fourth Circuit on
direct appeal and his petition for a writ of *certiorari* was denied by the
Supreme Court. ***United States v. Rutherford,* 43 Fed. Appx. 534 (4th
Cir.)*, cert. denied,* 537 U.S. 1061 (2002).** On October 16, 2003, the
Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied. The
Petitioner did not appeal this Court's ruling.

## II. DISCUSSION

Petitioner moves for relief pursuant to Rule 60(b) which provides in
pertinent part: "On motion and upon such terms as are just, the court may
relieve a party . . . from a final judgment . . . for . . . any . . . reason
justifying relief from the operation of the judgment."

> As amended by the AEDPA [Antiterrorism and Effective Death
> Penalty Act], § 2255 bars successive applications unless they
> contain claims relying on
>> (1) newly discovered evidence that, if proven and viewed
>> in light of the evidence as a whole, would be sufficient to
>> establish by clear and convincing evidence that no
>> reasonable factfinder would have found the movant guilty
>> of the offense; or
>> (2) a new rule of constitutional law, made retroactive to
>> cases on collateral review by the Supreme Court, that
>> was previously unavailable.
>> . . .

> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

*United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003). "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." *Id.*, at 203.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. *Winestock, supra*, at 205 ("**As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.**").

The Petitioner alleges in his motion that "new evidence" shows that the Government failed to disclose his entire criminal history report in the discovery materials furnished to him before trial. **See, Petitioner's Motion, "Background History", at 3.** He argues that had he possessed his entire "rap" sheet, he would have been able to impeach the Government's witness, Daniel Caldwell, by showing that he was either gainfully employed or incarcerated during the time Caldwell testified Rutherford was participating as a drug runner for the conspiracy. According to the Petitioner, the Government knew the "rap" sheet was incomplete and Caldwell's testimony was fabricated and, as a result of Caldwell's perjury, the Petitioner was subsequently convicted based on this false evidence. *Id.*, **at 4-6.** Although Petitioner couches these allegations as "new evidence," similar claims were made in his original § 2255 concerning alleged errors committed during sentencing. **See, Petitioner's § 2255 Motion, filed March 23, 2003, at 21-24.** Thus, this is not the "newly discovered evidence" that, "if proven and viewed in light of the evidence as a whole, would be sufficient" to exonerate the Petitioner of the offense for which he was convicted. **See, *Winestock, supra.***

Additionally, Caldwell was only one of 11 co-defendants who testified at the

Petitioner's trial regarding his participation in the conspiracy. The evidence

was overwhelming as to Rutherford's involvement; and as the Fourth

Circuit noted on direct appeal, "this case was not close." **Rutherford, 43**

**Fed. Appx. at 537.**

> [D]istrict courts *must* treat Rule 60(b) motions as successive
> collateral review applications when failing to do so would allow
> the applicant to evade the bar against relitigation of claims
> presented in a prior application or the bar against litigation of
> claims not presented in a prior application.
>
> . . .
>
> [This] holding raises the question of how to distinguish a proper
> Rule 60(b) motion from a "successive [application] in 60(b)'s
> clothing." There may be no infallible test for making this
> distinction, but a relatively straightforward guide is that a motion
> directly attacking the prisoner's conviction or sentence will
> usually amount to a successive application, while a motion
> seeking a remedy for some defect in the collateral review
> process will generally be deemed a proper motion to
> reconsider. Thus, a brand-new, free-standing allegation of
> constitutional error in the underlying criminal judgment will
> virtually always implicate the rules governing successive
> applications. Similarly, new legal arguments or proffers of
> additional evidence will usually signify that the prisoner is not
> seeking relief available under Rule 60(b) but is instead
> continuing his collateral attack on his conviction or sentence.

*Id.*, at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 753 (11th

Cir. 2002) (other internal citations and quotations omitted). The

Petitioner does not raise any new allegations of constitutional error, only a

rehashing of claims presented in the initial § 2255 petition. Thus, they are

subject to the requirements for successive applications, that is, they must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions pursuant to Federal Rules of Civil Procedure 60(b) and 15(c)(6) are successive motions pursuant to 28 U.S.C. § 2255 and are hereby **DENIED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Petitioner's motion for an appeal bond is without merit and is hereby **DENIED.**

7

Signed: March 2, 2006

Lacy H. Thornburg
United States District Judge